**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| QUANTRELL E. CODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-CV-1374-NCC |
| ) | |
| GREGORY HANCOCK, SAMUEL ) | |
| MINCHUE, SHELLY BYINGTON, ) | |
| LAUREN BUBLITZ, DANIELLE ) | |
| MUTASAK, and AUSTIN MARK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by self-represented Plaintiff Quantrell E. Cody. (Doc. 8). For the reasons discussed below, the Court will allow Plaintiff one final opportunity to amend his complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On October 15, 2024, Plaintiff, an inmate housed at the Potosi Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 against six employees of the Missouri Department of Corrections: (1) Warden Gregory Hancock, (2) Major Samuel Minchue, (3) Functional Unit Manager Shelly Byington, (4) Corrections Classification Assistant Lauren Bublitz, (5) Correctional Officer Danielle Matusak, and (6) Corrections Classification Assistant Austin Mark. (Doc. 1). Plaintiff indicated he was suing Defendants Hancock and Byington in their official and individual capacities but was silent as to the capacities of the remaining four defendants.

Plaintiff alleged that between February and August of 2023, Defendants retaliated against him for filing grievances and informal resolution requests. Plaintiff claimed that because he filed

grievances, Byington and Bublitz issued "bogus" conduct violations against him; Bublitz, Byington, and Mark denied him of "a fair and impartial hearing" regarding the conduct violations; and Warden Hancock transferred him to a "harsher" institution. Plaintiff further alleged that Bublitz and Hancock violated his rights to Equal Protection when he was reassigned to a different cell in order to accommodate white inmates who did not want to share a cell with black inmates. He complains Hancock and Minchue failed to intervene to stop the constitutional violations. Attached to Plaintiff's form complaint was a separate single-spaced 20-page typewritten supplemental complaint, and three documents titled: "Declaration of Thomas Barrage," "Declaration of Daniel Stephens," and "Exhibit A." *See* Docs. 1-1, 1-2, 1-3, 1-4.

On January 3, 2025, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to partial dismissal. (Doc. 7). The Court explained that his official capacity claims against all state-employed Defendants were barred by the Eleventh Amendment. The Court also observed that Plaintiff alleged individual capacity claims against only two of the six Defendants, which was likely a drafting error. Consequently, the Court provided Plaintiff with the opportunity to submit an amended complaint to cure his pleading deficiencies. The Court provided detailed instructions on how to format his complaint, including how to properly allege claims against individual defendants, if he wished to do so. Within those instructions, the Court clearly instructed Plaintiff that if he was "suing more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other" as required by the Federal Rules. *Id.* at 7 (citing Fed. R. Civ. P. 20(a)(2)).

**Amended Complaint**

On January 24, 2025, Plaintiff filed his amended complaint against the same six Defendants in their individual capacities only. (Doc. 8). The claims against some Defendants are

3

related to each other, while others are not.

Plaintiff alleges Defendant Byington issued "several bogus conduct violations" against Plaintiff in retaliation for filing grievances against her, and Defendant Matusak issued one "bogus conduct violation" in retaliation for filing grievances against her immediate supervisors. *Id.* at 5, 7. He does not provide any information as to when those alleged violations were issued or for what alleged false conduct. Plaintiff asserts Defendant Bublitz relocated him and his black cellmate to another cell "[f]or the purpose of accommodating white offenders who were aversed [sic] to sharing cells with black offenders." *Id.* at 5. Plaintiff does not claim that the relocation had anything to do with the conduct violations but, rather, was a separate issue. Plaintiff also argues that his First Amendment rights were violated when Defendant Mark issued him a conduct for calling himself a racial slur. *Id.* at 7. Lastly, Plaintiff contends that Defendants Michue and Hancock failed to take action by correcting "subordinates" who violated his constitutional rights. Plaintiff does not provide any facts about what specific actions they should have taken and whether they had knowledge of the alleged constitutional violations. He also references an "arbitrary transfer," but does not provide any facts related to that allegation. *Id.* at 5.

For relief, Plaintiff seeks "the imposition of a financial sanction against the [D]efendants" and to "transfer him back to MECC." *Id.* at 6.

## Discussion

Having thoroughly reviewed and liberally construed the amended complaint and considering Plaintiff's self-represented status, the Court will provide him with one additional opportunity to amend in order to cure his pleading deficiencies.

4

As summarized above, Plaintiff presents a case involving various unrelated claims against six Defendants. Plaintiff's attempt to bring such unrelated claims against unrelated Defendants is improper. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and states as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) *any question of law or fact common to all defendants will arise in the action*.

Rule 20(a), Fed. R. Civ. P. (emphasis added).

Under this rule, a plaintiff cannot join in a single lawsuit a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* For example, in the instant complaint, Plaintiff's claims regarding two Defendants issuing him false conduct violations are unrelated to another Defendant's decision to move him and his cellmate in order to allegedly accommodate white inmates, which are both unrelated to his allegation that he has a First Amendment right to call himself a derogatory name.

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

5

Rule 18(a), Fed. R. Civ. P. Under this rule, multiple claims may be asserted if plaintiff sues a *single* defendant.

In addition to the joinder issues, Plaintiff's complaint falls short of providing enough facts to support his allegations. While Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, he must assert enough facts to support his claims as to each named defendant.  "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). The Court will reject and dismiss conclusory allegations that a specific defendant violated a constitutional right without facts about what that individual did to be personally responsible for the incidents that allegedly injured Plaintiff. For example, if Plaintiff narrows his complaint to conduct violation allegations, he should state when he received the alleged violations and what "bogus" conduct they cited. As currently written, Plaintiff alleges in conclusory fashion that two Defendants issued him bogus conduct violations for filing grievances, but he does not allege sufficient factual content in his amended complaint regarding the nature of the circumstances surrounding his conduct violations to establish that he would not have been issued the conduct violation but for exercising his constitutional right.

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file a second amended complaint. In so doing, Plaintiff must select the transaction or occurrence he wishes to pursue and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

**If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.**

Plaintiff must prepare his second amended complaint using the Court-provided form and must follow the amendment instructions within this Order and the instructions provided in the Court's January 3, 2025 Order. (Doc. 7).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his second amended complaint will take the place of his original filing and amended filing and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 28th day of March, 2025.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE