UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUANTRELL E. CODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-1374-NCC |
| | ) |
| GREGORY HANCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the second amended complaint filed by self-represented Plaintiff Quantrell E. Cody. [Doc. 10]. For the reasons set forth below, this action will be dismissed without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the

reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On October 15, 2024, Plaintiff, an inmate housed at the Potosi Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 against six employees of the Missouri Department of Corrections: (1) Warden Gregory Hancock, (2) Major Samuel Minchue, (3) Functional Unit Manager Shelly Byington, (4) Corrections Classification Assistant Lauren Bublitz, (5) Correctional Officer Danielle Matusak, and (6) Corrections Classification Assistant Austin Mark.  [Doc. 1].

Plaintiff alleged that between February and August of 2023, Defendants retaliated against him for filing grievances and informal resolution requests. Plaintiff claimed that because he filed grievances, Byington and Bublitz issued "bogus" conduct violations against him; Bublitz, Byington, and Mark denied him of "a fair and impartial hearing" regarding the conduct violations; and Warden Hancock transferred him to a "harsher" institution. Plaintiff further alleged that Bublitz and Hancock violated his rights to Equal Protection when they reassigned him to a different cell to accommodate white inmates who did not want to share a cell with black inmates. He complains Hancock and Minchue failed to intervene to stop the constitutional violations. Attached to Plaintiff's form complaint was a separate single-spaced 20-page typewritten supplemental complaint, and three documents titled: "Declaration of Thomas Barrage," "Declaration of Daniel Stephens," and "Exhibit A." *See* [Docs. 1-1, 1-2, 1-3, 1-4].

On January 3, 2025, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to partial dismissal. [Doc. 7]. The Court observed that Plaintiff alleged individual capacity claims against only two of the six Defendants, which was likely a drafting error. Consequently, the Court provided Plaintiff with the opportunity to submit an amended complaint to cure his pleading deficiencies. The Court provided detailed instructions on how to format his complaint. Within those instructions, the Court clearly instructed Plaintiff that if he was "suing more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other" as required by the Federal Rules. [*Id.* at 7] (citing Fed. R. Civ. P. 20(a)(2)). He was also warned that his complaint did not comply

3

with Rule 8 due to the length and narrative format of the complaint.  The Court emphasized that Rule 8 required Plaintiff to set forth a short and plain statement of the claim and that each averment must be simple, concise and direct.

On January 24, 2025, Plaintiff filed his amended complaint against the same six Defendants in their individual capacities only.  [Doc. 8].  The claims against some Defendants were related to each other, while others were not.

Plaintiff alleged Defendant Byington issued "several bogus conduct violations" against Plaintiff in retaliation for filing grievances against her, and Defendant Matusak issued one "bogus conduct violation" in retaliation for filing grievances against her immediate supervisors.  [*Id.* at 5, 7].  He did not provide any information as to when those alleged violations were issued or for what alleged false conduct.  Plaintiff asserted Defendant Bublitz relocated him and his black cellmate to another cell "[f]or the purpose of accommodating white offenders who were aversed [sic] to sharing cells with black offenders."  [*Id.* at 5].  Plaintiff did not claim that the relocation had anything to do with the conduct violations but, rather, was a separate issue.  Plaintiff also argued that his First Amendment rights were violated when Defendant Mark issued him a conduct violation for calling himself a racial slur.  [*Id.* at 7].  Lastly, Plaintiff contended that Defendants Minchue and Hancock failed to correct "subordinates" who violated his constitutional rights.  Plaintiff did not provide any facts about what specific actions they should have taken and whether they had knowledge of the alleged constitutional violations.  He also referenced an "arbitrary transfer," but did not provide any facts related to that allegation.  [*Id.* at 5].

4

On March 28, 2025, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal.  [Doc. 9].  The Court warned Plaintiff that his amended complaint did not meet the rules governing joinder under Rule 20, as he brought unrelated claims against unrelated defendants.  The Court also noted that this complaint did not contain sufficient facts to support his allegations.  The Court offered Plaintiff one more opportunity to correct the noted pleading deficiencies and again provided detailed instructions on how to format his second amended complaint.  The Court advised Plaintiff that he must limit his complaints to claims that are related to each other or choose a single defendant and set forth as many claims as he has against that defendant.  He was told that if he wanted to pursue additional claims against additional defendants, he must file each such claim as a new civil action.  The Court also told Plaintiff to follow the instructions provided in the Court's January 3, 2025 Order.

## Second Amended Complaint

Plaintiff filed his second amended complaint on April 11, 2025.  [Doc. 10].  In this filing, Plaintiff listed five of the original defendants in their individual capacities, dropping Samuel Minchue from the caption.  However, throughout his complaint, Plaintiff still makes many allegations against Minchue and sometimes still refers to him as a defendant.  *See* [*Id.* at 22].

There are a wide range of allegations contained in the second amended complaint.  In addition to the 6-page Court form, Plaintiff includes 16 single-spaced pages detailing facts and claims against the defendants.  Some of the allegations include facts that are not connected to Plaintiff at all.  For example, he connects Defendant Hancock's deliberate

5

indifference to the retaliation of Defendants Byington and Bublitz to deaths of other offenders from fentanyl overdoses. [*Id.* at 13]. He also alleges that Defendant Byington retaliated against an offender named James Hamilton and stole some of Hamilton's canteen items. [*Id.* at 18]. Plaintiff complains that Defendant Byington provides special treatment to an offender named Christopher Moore and allows him to get in fights and steal from other offenders without consequence. [*Id.* at 13, 18, 19].

In the parts of the second amended complaint that are related to Plaintiff, he argues that he filed grievances against Defendants Byington and Bublitz who acted in concert with Defendants Mark and Matusak to target Plaintiff for conduct violations. [*Id.* at 7, 20]. Plaintiff maintains that Defendant Hancock violated his equal protection rights when he twice removed Plaintiff from a group of similarly situated prisoners and sent Plaintiff to a level five institution. [*Id.* at 6]. Plaintiff claims that Defendant Bublitz ordered Plaintiff and his cellmate to move cells to accommodate two white offenders, violating his equal protection rights. [*Id.* at 21]. Although he dropped Minchue from the caption, Plaintiff alleges Minchue's deliberate indifference to the retaliation from Defendants Byington and Bublitz violated Plaintiff's Eighth Amendment Rights. [*Id.* at 21-22]. Plaintiff believes some of the defendants conspired to get his "grandfather clause" voided so he could be transferred from Missouri Eastern Correction Center (MECC) to Potosi Correctional Center. [*Id.* at 7].

Plaintiff has contradictory requests for relief in his complaint. He asks for $5,000 from each defendant at one point, and $20,000 from each defendant at another point. [*Id.* at 8, 24]. Plaintiff also asks for an "injunction compelling the immediate termination of

defendants Byington and Bublitz." [*Id.* at 24].  Finally, Plaintiff requests that his status under the "grandfather clause" be reinstated and to be returned to MECC where he can resume classes.  [*Id.*].

## Discussion

Having thoroughly reviewed and liberally construed the second amended complaint, and considering Plaintiff's self-represented status, the Court determines this action must be dismissed.

On January 3 and March 28, 2025, the Court ordered Plaintiff to file an amended complaint. In both Orders, Plaintiff was provided with clear, detailed instructions on how to amend.  He was instructed that the complaint must comply with Rule 8 and set forth short and concise factual allegations supporting his claims.  He was warned that he must comply with Rule 20 by limiting his claims against different defendants to the same transaction or occurrence.  The Court warned Plaintiff in each Order that if he failed to timely comply, this action would be dismissed without prejudice and without further notice.  While Plaintiff has filed his second amended complaint timely, it does not cure the pleading deficiencies from his first two complaints.  Plaintiff continues to allege several different complaints against different defendants.  He introduces complaints that are unconnected to him.  Despite having been instructed to give short and simple facts to support his allegations, Plaintiff continues to provide over 16-pages of facts and claims.  Despite having been instructed that he must not include unrelated claims, he continues to bring up claims that are completely unrelated to each other or even to him.  Given all the claims that Plaintiff levels against Minchue in this most recent amended complaint, it is

7

unclear who he intends to name as defendants in this action. This Court has already issued two Orders with clear directions in an attempt to provide Plaintiff ample opportunity to comply with the rules of Civil Procedure in order to succeed on an initial review. Unfortunately, Plaintiff has not complied with those rules.

Therefore, this action will be dismissed without prejudice due to Plaintiff's failure to comply with this Court's January 3 and March 28, 2025 Orders. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE